129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America ex rel Robert GOOCH, Petitioner-Appellee,
v.
Richad D. McVICAR, Respondent-Appellant.
 No. 97-1376.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997.
Decided Nov. 3, 1997.[1]
 
 Before POSNER, BAUER, and EVANS, Circuit Judges.
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 0783; James B. Moran, Judge.
 
 ORDER
 
 1
 The respondent appeals from a district court order granting the petition for writ of habeas corpus, 28 U.S.C. § 2254, filed by Robert Gooch, who appears in this court pro se.
 
 
 2
 We first address a motion made by respondent to summarily reverse and remand on the basis that the district court used the new standard of review enacted as part of the Antiterrorism and Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, and codified at 28 U.S.C. § 2254(d), based on our holding in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996), that the AEDPA applied to pending cases, a holding which was reversed by the Supreme Court while this appeal was pending. Lindh v. Murphy, 117 S.Ct. 2059 (1997). Respondent believes a remand is necessary to permit the district court to apply the standard of review applicable under the old law.
 
 
 3
 In the motion, however, Respondent does not explain why using the standard of review in effect prior to the AEDPA's enactment would alter the district court's holding. Under the AEDPA standard of review, an additional layer of deference is used. It is generally assumed that the new standard is tougher than the old. Abrams v. Barnett, 121 F.3d 1036, 1037-38 (7th Cir.1997). Thus, it would seem that in a case decided on the basis of the wrongful application of the law to the facts, if the district court granted the habeas corpus petition under the new, tougher standard, it certainly would have done so under the previous standard. This is not the type of case where the district court ignored the state court's factual findings; instead it concerns the application of the law. See Spreitzer v. Peters, 114 F.3d 1435, 1441-42 (7th Cir.1997); McCain v. Gramley, 96 F.3d 288, 289 (7th Cir.1996). We see no necessity, therefore, for a remand. In our review of this case, which includes the state court trial record, we have applied the PRE-AEDPA standards, and in that respect we modify the judgment of the district court. Cf. Aliwoli v. Gilmore, No. 96-4048, slip op. at 2 (7th Cir. Oct. 17, 1997) (finding that remand was necessary because the record did not include a trial transcript).
 
 
 4
 In all respects other than the application of our opinion in Lindh, we agree with the thorough analysis of the district court explaining the state appellate court's misapplication of the holding of Chambers v. Mississippi, 410 U.S. 284 (1973). Accordingly, we AFFIRM for those reasons stated in the Memorandum and Order dated January 27, 1997.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)